IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ADAM JOSEPH HUSCHKA,

    Plaintiff,

v.

ROCK COUNTY YOUTH
SERVICES CENTER and
MERCY HEALTH CLINIC,

    Defendants.

OPINION & ORDER

Case No. 19-cv-223-wmc

*Pro se* plaintiff Adam Joseph Huschka brings this action under 42 U.S.C. § 1983 against the Rock County Youth Services Center ("Center") and Mercy Health Clinic. Huschka claims that these defendants violated his constitutional rights when he was injured at the Center and treated at the Mercy Health Clinic in 2014. The complaint is now before the court for screening pursuant to 28 U.S.C. § 1915(e)(2). After review, the court concludes that while plaintiff may be able to articulate a constitutional claim, he will be required to amend his complaint that names a proper defendant and provides more details about who at the Center or Mercy Health Clinic could have prevented his injury to avoid dismissal.

ALLEGATIONS OF FACT[1]

On or around April 7, 2014, Huschka was arrested and taken to the Center. Before he could be booked into custody, he was taken to Mercy Health Clinic to be medically

---

[1] Courts must read allegations in *pro se* complaints generously, resolving ambiguities and drawing reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

cleared. At the time, he was under the influence of cough syrup, but apparently he was inappropriately cleared to be placed into custody. After he was booked at the Center, he fell over a balcony when he was walking to his cell. Huschka broke his cheekbones and jaw as a result of his fall, and he continues to suffer from a number of lingering health issues, including breathing problems, damaged hearing and vision, and chronic headaches.

OPINION

Plaintiff's allegations implicate a constitutional claim, but it is unclear what constitutional standard applies since different constitutional provisions apply to different stages of confinement. The Fourth Amendment applies to the period between a warrantless arrest and the probable-cause determination; the Fourteenth Amendment applies to the period between the probable-cause determination and the conviction; and the Eighth Amendment applies to the period after the conviction. *Collins v. Al-Shami*, 851 F.3d 727, 731 (7th Cir. 2017). If plaintiff had not attended a probable cause hearing at the time of his fall, the Fourth Amendment applies to his claims, *Ortiz v. City of Chi.*, 656 F.3d 523 (7th Cir. 2011) (applying the Fourth Amendment reasonableness standard to medical care claim when plaintiff had not been through a probable cause hearing during the relevant time period); if he had attended such a hearing, he would constitute a pretrial detainee and his claims would be governed by the due process clause of the Fourteenth Amendment, *Smith v. Dart*, 803 F.3d 304, 309–10 (7th Cir. 2015).

For purposes of screening, the court will apply the more rigorous standard applicable to pretrial detainees. Historically, the Seventh Circuit has applied the Eighth Amendment

standard to detainee's claims related to medical care, but it recently changed course based on the Supreme Court's reasoning in *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015), that excessive force claims by pretrial detainees are governed by the due process clause of the Fourteenth Amendment, and that the standard is whether the defendant's actions were objectively unreasonable given the circumstances. Specifically, in *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018), the Seventh Circuit extended the logic in *Kingsley* to medical care claims. *Id.* at 352-53. Therefore, under *Kingsley* and *Miranda*, the failure to provide safe conditions of confinement violates the Due Process Clause if: (1) the defendants acted with purposeful, knowing, or reckless disregard of the consequences of their actions; and (2) the defendants' conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352–53 (7th Cir. 2018). While it is not enough to show negligence, the plaintiff is not required to prove the defendant's subjective awareness that the conduct was unreasonable. *Id.* at 353.

Reading plaintiff's allegations generously and in a light most favorable to him, plaintiff presented at the Center and Medical Health Clinic in a clearly inebriated state that either required medical attention or at least a delay until he was booked at the Center to keep him safe. Given that plaintiff alleges that juveniles must be medically cleared to be booked at the Center, it is reasonable to infer that the staff, either at the Center or Medical Health Clinic, responded unreasonably to his need for further treatment at the clinic. While ultimately the facts may bear out that the mistake amounted to just negligence, at this stage it would appear that plaintiff has pled sufficient facts to support a Fourteenth Amendment claim.

Nonetheless, plaintiff may not proceed at this time because he has not identified a proper defendant. The Center and the clinic are not suable entities for purposes of § 1983; both are buildings and cannot be sued because it cannot accept service of the complaint. *Smith v. Knox Cty. Jail,* 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, if plaintiff wants to proceed on his claims in this lawsuit, he will need to file an amended complaint that identifies a proper defendant. Such a defendant would include any Center or Mercy Health Clinic employee that was involved in allowing plaintiff to proceed to the Center while inebriated or failing to ensure that he was safe while he was at the Center. *Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation."). If plaintiff does not know the identities of such person or persons, he may amend his complaint and identify the defendant or defendant by the name "Jane Doe" or "John Doe" as appropriate. Should plaintiff take that approach, the court will screen his complaint and plaintiff will then be afforded the opportunity to conduct discovery that will help him identify and substitute the proper defendants.

ORDER

1. Plaintiff Adam Huschka's complaint is DISMISSED without prejudice for failure to identify a proper defendant.

2. Plaintiff may have until **July 17, 2019, to submit an amended complaint that identifies a suable person or entity for purposes of 42 U.S.C. § 1983. If plaintiff fails to respond by that deadline, then this case will be dismissed with prejudice for failure to prosecute.**

Entered this 26th day of June, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge